Argued and submitted December 15, 2010, reversed and remanded for
reconsideration October 26, 2011

## Kenneth D. DUBRAY,
*Petitioner,*

*v.*

## SAIF CORPORATION
and Peterson Pacific Corporation,
*Respondents.*

Department of Consumer and Business Services
0800282H; A143368

266 P3d 104

Dale C. Johnson argued the cause and filed the brief for petitioner.

David L. Runner argued the cause and filed the brief for respondents.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Duncan, Judge.

ARMSTRONG, J.

## ARMSTRONG, J.

Claimant seeks review of a final order of the director of the Department of Consumer and Business Services (DCBS). The final order concluded that SAIF, the insurer for claimant's employer, Peterson Pacific Corporation, had properly terminated claimant's eligibility for vocational assistance. Because we conclude that the director's final order was not supported by substantial reason, we reverse and remand for reconsideration.

Claimant was injured in 2002, and SAIF determined in 2006 that claimant was eligible for vocational retraining. Claimant went through a long process of identifying a suitable occupation for which he could be trained, which ultimately led MacLeod, claimant's vocational rehabilitation counselor, to prepare and mail to claimant a "Notice of Possible End of Eligibility for Vocational Assistance" (the warning letter). The warning letter stated, in part, "To remain eligible for services, you must select an occupation from this or other lists within ten (10) days of receiving this letter." It further provided that, if claimant did not "select an occupation for training and communicate [it] to [his] counselor within that time period, [his] eligibility for vocational assistance may end * * * due to [*former*] OAR 436-120-0350[(9)]."[1]

It is unclear when MacLeod mailed the warning letter to claimant. The administrative law judge (ALJ), whose findings of fact the director adopted in her final order, stated that the warning letter was sent on April 18, 2008, notwithstanding the ALJ's acknowledgement that MacLeod had testified that he had mailed the warning letter on April 21, 2008. Although the ALJ did not attempt to reconcile those conflicting dates, he did find that claimant was out of town when the warning letter was mailed.

On April 21, 2008, claimant participated by telephone in a return-to-work conference with MacLeod. During

---

[1] Throughout this opinion, we refer to *former* OAR 436-120-0350 (12/1/07) and the other pertinent administrative rules that were in effect when this dispute arose. *Former* OAR 436-120-0350 (12/1/07) was renumbered on January 10, 2010, as OAR 436-120-0165, and the newly numbered rule was amended on November 15, 2010.

the conference, MacLeod noted that he had mailed the warning letter to claimant and would provide claimant with an updated labor market survey. Claimant actually received the warning letter on April 28, 2008.[2]

On May 2, 2008, claimant's counsel wrote a response to the warning letter in which he requested additional time for claimant to review the labor market survey information, which claimant had recently received. The response further noted that counsel had received the warning letter on April 22, 2008.

On May 5, 2008, claimant's counsel sent a letter to MacLeod selecting an occupation for training. On the same day, SAIF issued a "Notice of End of Eligibility for Vocational Assistance," which provided:

> "Your return-to-work assistance is ending for the following reason(s): You have failed, after written warning letter, to fully participate in the vocational process or to provide requested information necessary for these evaluations. Therefore, under Workers' Compensation Division rules ([*former* OAR] 436-120-0350(9)), you are no longer eligible for vocational assistance."

Claimant appealed that determination to the Employment Services Team (EST) of DCBS, and the EST issued an order affirming SAIF's eligibility decision. The EST determined:

> "[Claimant] was made aware of the warning letter during the return-to-work plan conference on April 21, 2008 that was held between the dates that he states that he was away from his residence. * * * [He] was also made aware of the [warning] letter by his attorney Mr. Wells upon return from his vacation, and had time to respond to his vocational counselor prior to his end of eligibility on May 5, 2008."

The EST order did not identify the date on which claimant received the warning letter, other than to indicate that it did "not give weight to [claimant's] contention that his time away from his residence did not allow him to receive the warning letter in time to review it and respond."

---

[2] The ALJ stated, "I believe it probable that claimant was out of town and did not actually receive the April 18, 2008 warning letter until April 28, 2008."

Claimant appealed the EST's order to the ALJ, who issued a proposed final order affirming the EST. The ALJ acknowledged that the EST had made factual errors in its order, but concluded:

> "[T]he ultimate holding of that decision was that claimant was on notice of the warning letter as early as April 21, 2008 when he was advised that [the warning letter] had issued and was in effect, that his counsel at the time had received the [warning] letter and was in contact with the carrier and the vocational services provider and that the regular mail copy of the [warning] letter was not returned as undeliverable.

> "* * * Claimant's own actions in not monitoring his mail, when he was actually aware of the issuance and effect of the warning letter, is not justification for an extension of the 10 day period noted in [the warning] letter."

Nonetheless, as with the EST order, the ALJ's order did not identify the date on which claimant received the warning letter for purposes of beginning the 10-day period in which claimant was required to respond.

In her final order, the director resolved the issue of "whether claimant timely responded to SAIF's warning letter" by adopting, without additional analysis, the ALJ's proposed order. Claimant timely sought judicial review of the director's order in this court.

A final order must be supported by substantial reason, which requires that the order articulate " 'the *reasoning* that leads the agency from the *facts* that it has found to the *conclusions* that it draws from those facts.' " *TTC - The Trading Co., Inc. v. DCBS*, 235 Or App 606, 612, 234 P3d 1056 (2010) (quoting *Drew v. PSRB*, 322 Or 491, 500, 909 P2d 1211 (1996)) (emphasis in *Drew*). We therefore assess whether the director's final order stated the reasoning that led from the director's findings of fact to her conclusion that "claimant's eligibility for vocational services was properly terminated."

The warning letter required claimant to select an occupation within 10 days of receiving the letter, otherwise he might lose his eligibility for vocational assistance through

application of *former* OAR 436-120-0350. *Former* OAR 436-120-0350 provided, as pertinent:

> "A worker is ineligible or the worker's eligibility ends when any of the following conditions apply:
>
> "* * * * *
>
> "(9) The worker has failed, after written warning, to participate in the vocational assistance process, or to provide relevant information."

*Former* OAR 436-120-0004(10) (12/1/07)[3] further required that

> "[w]arnings to the worker must state what the worker must do within a specified time to avoid ineligibility or the ending of eligibility or training."

The only action that the warning letter required claimant to take to avoid termination of his vocational eligibility was to respond with an occupation selection within 10 days of receiving the warning letter. Thus, determining whether claimant's May 5, 2008, selection of an occupation was timely depends on when claimant received the warning letter for purposes of beginning the 10-day period.

The director determined that claimant actually received the warning letter on April 28, 2008. If claimant's receipt of the warning letter began the 10-day period, then claimant's May 5 selection of an occupation occurred within the 10-day period. In rejecting that conclusion and upholding SAIF's termination of claimant's vocational eligibility, the director did not identify the act or event that occurred before claimant received the warning letter that constituted receipt of the letter for purposes of beginning the 10-day period. Although the director highlighted the facts that (1) the April 21 conference placed claimant "on notice" of the warning letter; (2) claimant's counsel had received the warning letter; and (3) the regular mail copy of the warning letter was not returned as undeliverable, the director did not explain

---

[3] *Former* OAR 436-120-0004(4) (12/1/07) was renumbered and amended on November 15, 2010.

whether any of those facts, alone or combined, constituted receipt of the warning letter by claimant, much less *why* they did.

The latter point is particularly significant. *Former* OAR 436-120-0350 required the warning to be written, and the warning letter stated that the 10-day period for claimant to select an occupation began to run from receipt of the warning letter, not from receipt of the notice or information embodied in the warning letter. In order for the director's final order to satisfy the substantial reason requirement, it must identify when and how claimant received the warning letter and how that receipt meets the requirement in *former* OAR 436-120-0350 that the warning be written.

Reversed and remanded for reconsideration.